UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAID YSAGUIRRE, | No. 2:23-cv-00327 AC |
| Plaintiff, | |
| v. | ORDER |
| R. RODRIGUEZ, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, | |
| Defendants. | |

This matter is before the court pursuant to Federal Rules of Civil Procedure 33 and 34 and Eastern District Local Rule 230(l). Defendants G. Rodriguez and the Sacramento County Sheriff's Office move the court for an order compelling Plaintiff Laid Ysaguirre, Sr. to furnish responses, without objection, to defendants' properly served Interrogatories, Set One, and Requests for Production of Documents, Set One. ECF No. 19. Plaintiff did not initially respond to the motion, and the undersigned entered an Order to Show Cause directing plaintiff to file a response. ECF No. 20. Plaintiff filed a response on August 5, 2024. ECF No. 21. For the reasons that follow, the court GRANTS the motion to compel.

**I.    Relevant Background**

Plaintiff filed this case as a prisoner proceeding in pro se. ECF No. 1. He filed his complaint on February 21, 2023, alleging that he had been arrested with unlawful force in

1

violation of his Constitutional rights.  Id.  Plaintiff's complaint was ordered served (ECF No. 7) and following plaintiff's delay in submitting service documents resulting in an order to show cause (ECF No. 10), the complaint was successfully served and defendants answered the complaint on November 21, 2023.  ECF No. 14.  A schedule was entered on January 26, 2024, setting a fact discovery deadline of April 14, 2025.  ECF No. 18.

Defendants served plaintiff with Interrogatories and a Request for the Production of Documents on March 28, 2024.  Declaration of Kelley Kern ("Kern Decl.") ¶ 3.  Plaintiff's responses were due within thirty (30) days.  On or about April 1, 2024, the court notified defendants that plaintiff's address had been updated to the Sacramento County Main Jail.  Defendants reserved plaintiff with the written discovery requests on April 23, 2024.  Kern Decl. ¶ 4.

## II.     Motion to Compel

Defendants filed the motion to compel at bar on June 17, 2024, stating that as of the date of filing, plaintiff had failed to respond to the defendants' discovery requests and no extensions had been requested or granted.  Kern Decl. ¶ 5.

### A.  Applicable Legal Standards

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1).  The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has

been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; discovery must also be proportional to the needs of the case.

### B. Plaintiff Must Participate in Discovery

It is undisputed that plaintiff has not participated in discovery in this case. Plaintiff's response to the motion to compel repeats his substantive claims and does not address the issue of discovery. As the party prosecuting this case, plaintiff is obligated to participate in the discovery process. Plaintiff's failure to timely respond to defendants' interrogatories waives objections. Fed. R. Civ. Proc. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[g]enerally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33. . . constitutes a waiver of any objection"). The failure to timely respond to requests for production also waives all objections. Richmark v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). Because plaintiff has not participated in discovery and he offers no explanation for his failure to participate in discovery, the motion to compel is GRANTED.

### III. Conclusion

Defendants' motion to compel (ECF No. 19) is GRANTED and plaintiff is ORDERED to respond to defendants' interrogatories, set one, and requests for production, set one, without objection, within 30 days of this order.

IT IS SO ORDERED.

DATED: September 27, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE